# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-21077-TLM |
| LEONARD OTTO WALLACE ) | |
| & PAMELA R. WALLACE, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| JEREMY J. GUGINO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 12-07056-TLM |
| ) | |
| NELMAP, LLC; TOUVE, LLC; ) | |
| PAMELA WALLACE REVOCABLE ) | |
| LIVING TRUST; LEONARD ) | |
| WALLACE REVOCABLE LIVING ) | |
| TRUST; CONDOR NV, INC.; ) | |
| BVER, LLC; BLOSSOM ) | |
| PROPERTIES, LLC; LOWIND, ) | |
| LLC; IRON ROOSTER, LLC; ) | |
| RASPBERRY RIDGE, INC.; and ) | |
| DOES 1–5, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

This matter came before the Court on "Plaintiff's Motion for Default

Judgment," Doc. No. 16 ("Motion"), filed February 25, 2013, by the plaintiff,

MEMORANDUM OF DECISION - 1

chapter 7 trustee Jeremy J. Gugino ("Trustee").[1] On March 5, 2013, the Court held a prove-up hearing, pursuant to Civil Rule 55, incorporated in bankruptcy adversary proceedings by Rule 7055.

Civil Rule 55(b) requires a two-step process to obtain a default judgment: "(1) entry of the party's default (normally by the clerk), and (2) entry of a default judgment." *Cashco Fin. Servs., Inc. v. McGee (In re McGee)*, 359 B.R. 764, 770 (9th Cir. BAP 2006). Entry of default does not entitle a plaintiff to default judgment. *All Points Capital Corp. v. Meyer (In re Meyer)*, 373 B.R. 84, 88 (9th Cir. BAP 2007). The court has an independent duty to determine the sufficiency of a claim before entering a default judgment. *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 662 (9th Cir. BAP 1994).

## I. BACKGROUND

When assessing the validity of a motion for default judgment, courts deem factual allegations that were well-pleaded in the complaint to be true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citing *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977)). Generally, a court need not enter findings of fact because it may rely on the factual allegations in the complaint. *Id.* (citing *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir. 1990)). As

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. References to "Rules" are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, while references to the "Civil Rules" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

discussed below, the Court finds substantial deficiencies in Trustee's Complaint, Doc. No. 1 ("Complaint"). Therefore, in this instance, the Court deems it prudent to specify which factual allegations the Court relied upon to analyze the Motion.

### A.     Reliance on unanswered requests for admission

Before evaluating the Complaint, the Court must first address another matter. At the prove-up hearing, Trustee relied on his Statement of Undisputed Facts, Doc. No. 17, to support the Motion. This Statement, in turn, relied upon a series of unanswered requests for admission addressed to each of the defendants.

Civil Rule 36(a)(3), incorporated by Rule 7036, generally deems a matter admitted when a party fails to answer a request for admission within 30 days of being served with the request. However, as articulated in *Lu v. Liu (In re Liu)*, 282 B.R. 904, 909–10 (Bankr. C.D. Cal. 2002), a defaulting defendant should not be considered a party for the purpose of Civil Rule 36. *Liu* held that, by not answering the complaint, a defaulting defendant chooses not to challenge the plaintiff's claim, and it declined to impose Civil Rule 36's burden of conducting a "reasonable inquiry" on a defaulting defendant. *Id.* The Court agrees, and will disregard the unanswered requests for admission.

### B.     Pleading legal conclusions

As pointed out by the U.S. Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), "Threadbare recitals of the elements of a cause of action, supported by

MEMORANDUM OF DECISION - 3

mere conclusory statements" are not entitled to the assumption of truth. *Id.* at 678 (discussing the minimum requirements for pleading a claim in the context of a Civil Rule 12(b)(6) motion to dismiss for failure to state a claim). *See also DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (declining to assume to truth of allegations parroting statutory language when evaluating a motion for default judgment). Instead, a pleading must include enough factual allegations to "raise a reasonable expectation that discovery will reveal evidence" supporting the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The Court's articulation of the facts of this case, set out immediately below, focuses on the facts—rather than the numerous conclusory statements—included in Trustee's Complaint.

### C. Statement of facts

#### 1. 2007 transfers

Before October 2007, debtors Leonard and Pamela Wallace[2] were the sole members of several limited liability companies, including BVER, LLC; LOWPRW-Joint, LLC; Blossom Properties, LLC; and Lenten Rose, LLC. Those LLCs are collectively referred to in this decision as the "NELMAP Entities," although only BVER, LLC and Blossom Properties, LLC are named defendants.

---

[2] For ease of reference, the Court will hereafter refer to "Mr. Wallace" and "Mrs. Wallace," and to the two of them together as "Debtors."

MEMORANDUM OF DECISION - 4

Each of the NELMAP Entities have or had ownership interests in real property. In early October 2007, Debtors contributed their entire membership interest in the NELMAP Entities to a newly-formed Idaho limited liability company, NELMAP, LLC ("Idaho NELMAP").

Also before October 2007, Mr. Wallace was the sole member in two other LLCs: LOWIND, LLC and Iron Rooster, LLC (collectively referred to as the "Touve Entities"). Both of the Touve Entities have interests in real property. In early October 2007, Mr. Wallace contributed his entire membership interest in the Touve Entities to a newly-formed Idaho limited liability company, Touve, LLC ("Idaho Touve").

### 2. 2010 transfers

In May 2010, Debtors began a new round of reorganizing corporate structures. On May 27, 2010, they formed Condor NV, Inc. ("Condor"), in which they are the sole shareholders. Then on May 28, 2010, Debtors, as the sole members of Idaho NELMAP, converted it from an Idaho LLC to a Nevada LLC ("Nevada NELMAP"). The same day, they transferred their membership interest in Nevada NELMAP as follows: 49% to the Pamela Wallace Revocable Living Trust ("Pam Trust"), 49% to the Leonard Wallace Revocable Living Trust ("Len Trust"), and 2% to Condor.

Also on May 28, 2010, Mr. Wallace converted Idaho Touve from an Idaho

MEMORANDUM OF DECISION - 5

LLC to a Nevada LLC ("Nevada Touve"). He then transferred 98% of his interest in Nevada Touve to the Len Trust, and the remaining 2% to Condor. On June 3, 2010, Idaho Touve and Idaho NELMAP were dissolved.

The Pam Trust and the Len Trust are revocable trusts organized under Nevada Law, with their respective namesakes each acting as grantor, trustee, and primary beneficiary. Although the transfers allegedly occurred in May 2010, Debtors did not sign the trust agreements for their respective trusts until April 27, 2012.

### 3. Procedural history

Debtors filed their chapter 11 petition in the related bankruptcy case, Case No. 11-21077-TLM, on August 15, 2011. On March 22, 2012, the chapter 11 case was converted to chapter 7, and Trustee was assigned to the case. The Court did not authorize a transfer of Debtors' membership interests in Nevada Touve or Nevada NELMAP at any point in the underlying bankruptcy case.[3]

Trustee filed the Complaint in this adversary proceeding on December 28, 2012. The Clerk of Court entered each defendant's default on February 8, 2013. Doc. No. 13. Trustee filed the Motion on February 25, 2013. The Motion seeks a declaratory judgment that the Trustee can revoke the Pam Trust and the Len Trust

---

[3] The lack of Court authorization was not pleaded in the Complaint. The Court takes judicial notice of its files and records under Fed. R. Evid. 201 and, accordingly, takes judicial notice of this fact.

MEMORANDUM OF DECISION - 6

("Claim 3"). The Motion also seeks to avoid the transfers of Nevada NELMAP and Nevada Touve to the Pam Trust, the Len Trust and Condor as allegedly fraudulent transfers under § 548 ("Claim 4"), and the transfers of Nevada Touve and Nevada NELMAP to the Pam Trust and the Len Trust as allegedly unauthorized postpetition transfers ("Claim 6").[4]

Although other facts were alleged, primarily relating to the defendants' failure to follow corporate formalities, they do not pertain to the causes of action at issue in the Motion, and so will not be recited.

## II.    DISCUSSION AND DISPOSITION

The trial court has the sole discretion to determine whether to enter default judgment. *Kubick*, 171 B.R. at 659 (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). The Ninth Circuit Court of Appeals articulated seven factors for a trial court to consider in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court's analysis

---

[4] The motion does not seek default judgment on Claims 1, 2, 5, 7, or 8.

MEMORANDUM OF DECISION - 7

will focus on prejudice to the plaintiff, merits of the claims, sufficiency of the complaint, and the possibility the default was due to excusable neglect. Although the Court considered the remaining *Eitel* factors, it will not discuss them because they add little to the analysis.

### A.     Prejudice to plaintiff

The first factor examines whether failure to grant default judgment would prejudice the plaintiff. Simply delaying resolution of the case is not prejudicial. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). "Rather, 'the standard is whether [the plaintiff's] ability to pursue his claim will be hindered.'" *Id*. (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)). Courts have recognized that a plaintiff will be prejudiced when he has no other way to recover damages. *J & J Sports Prods., Inc. v. Veloz*, 2010 WL 5108694, *3 (E.D. Cal. Dec. 9, 2010), *report and recommendation adopted,* 2010 WL 5441978 (E.D. Cal. Dec. 28, 2010).

Here, Trustee has other ways of unwinding transfers and recovering assets for the estate. In *In re Ross*, 162 B.R. 863 (Bankr. D. Idaho 1993), the Court held that a chapter 7 trustee had the right to revoke the debtors' revocable trust, because it was a property right assumed by the bankruptcy estate at the commencement of the debtors' case under § 541(a)(1). *Id.* at 863–64. Additionally, in an oral ruling in another pending bankruptcy case, *In re Hoyle*, Case No. 10-01484-TLM, this

MEMORANDUM OF DECISION - 8

Court adopted the Ninth Circuit Bankruptcy Appellate Panel's reasoning from *Fursman v. Ulrich (In re First Prot., Inc.)*, 440 B.R. 821 (9th Cir. BAP 2010), to hold that when debtor is the sole member of an LLC, all of the debtor's rights in the LLCs become property of the estate, including both economic and management rights. The reasoning from *First Protection* has been applied in the context of other business entities, not just limited liability companies. *See In re Liber*, 2012 WL 1835164, *2 (Bankr. N.D. Ohio May 18, 2012) (citing *First Protection* for the proposition that "in a Chapter 7 case, where a debtor owns an interest in a business entity, the trustee is entitled to administer that interest—as well as any rights derived from that interest—in the stead of the debtor."); *Cardiello v. United States (In re Garbinski)*, 465 B.R. 423, 427 (Bankr. W.D. Pa. 2012) (applying *First Protection* to limited partnerships).

Trustee would not be prejudiced by the Court's denial of default judgment on the fraudulent transfer and postpetition transfer claims. If the entities' ownership is truly as alleged by the Complaint, then Trustee has the right to revoke the Pam Trust and the Len Trust pursuant to *Ross*. Similarly, at this stage in the case, it appears Trustee likely controls all of Debtors' interests in Condor, pursuant to the reasoning in *First Protection*, and could liquidate Debtors' interest pursuant to state law. Because Trustee has other methods to recover any assets that rightfully belong to the estate, this factor weighs against entering default

MEMORANDUM OF DECISION - 9

judgment.

### B. Sufficiency of the complaint and merits of the claim

The next two *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). To weigh these two factors, the Court must review each of the three substantive causes of action on which Trustee has requested default judgment.

#### 1. Declaratory judgment

Claim 3 seeks a declaration that the Trustee has the authority to revoke the Len Trust and the Pam Trust. Trustee argues he may revoke the two trusts because they are revokable and Mr. and Mrs. Wallace are each the settlor, beneficiary and trustee of their respective trusts. As mentioned above, in *Ross*, this Court held that the power to revoke a trust is a property interest that becomes part of the bankruptcy estate pursuant to § 541(a)(1). *Ross*, 162 B.R. at 863–64. Because that power is part of the estate, a chapter 7 trustee may exercise the power to revoke the trust. *Id.* at 864. Trustee established he is entitled to a declaratory judgment saying he may revoke the trusts. For that reason, this factor weighs for granting default judgment on Claim 3.

#### 2. Fraudulent transfer

Claim 4 seeks to avoid the transfers of Nevada NELMAP and Nevada

MEMORANDUM OF DECISION - 10

Touve to the Pam Trust, the Len Trust and Condor as fraudulent transfers, pursuant to § 548.[5] The pleading of this claim in the Complaint is severely deficient. Civil Rule 9(b), made applicable by Rule 7009, requires that allegations of fraud must "state with particularity the circumstances constituting fraud." The heightened pleading requirement of Civil Rule 9(b) applies in state and federal fraudulent transfer claims. *See Nishibun v. Prepress Solutions Inc.*, 111 F.3d 138 (9th Cir. 1997) (applying Civil Rule 9(b) to a fraudulent transfer claim under California law). To properly plead fraud, the plaintiff must plead "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d

---

[5] *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012), raises questions about the bankruptcy court's constitutional authority to enter final judgments on fraudulent transfer claims. In that case, the Ninth Circuit, relying on Supreme Court precedent from *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) and *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), held that bankruptcy courts do not have "the general authority to enter final judgments on fraudulent conveyance claims asserted against noncreditors to the bankruptcy estate." *Bellingham Ins. Agency*, 702 F.3d at 565.

However, the right to object to a bankruptcy court's entry of final judgment in such an action can be expressly or implicitly waived. *Id.* at 566–70. No controlling precedent has determined whether a defendant's default is sufficient to constitute an implicit waiver of the right to object to a bankruptcy court's authority to determine such a claim. However, at least one court has held that a defendant's default can constitute implicit consent to a bankruptcy court's entry of a final decision. *See Exec. Sounding Bd. Assocs., Inc. v. Advanced Mach. & Eng'g Co. (In re Oldco M Corp.)*, 484 B.R. 598, 614–15 (Bankr. S.D.N.Y. 2012). Here, the Court need not determine whether it has constitutional authority to enter final judgment on Claim 4 at this time, because, as described in this Decision, it is denying Trustee's Motion on that claim for other reasons.

Regardless of its constitutional authority, the Court has jurisdiction over all of the claims at issue in the Motion under 28 U.S.C. § 157(a) and § 1334. The claims constitute core proceedings under 28 U.S.C. § 157(b)(2)(E), (H), and (K). *See In re Jones*, 2006 WL 6810992, *3–4 (9th Cir. BAP Dec. 6, 2006) (holding § 549 actions are core proceedings).

MEMORANDUM OF DECISION - 11

616, 627 (9th Cir. 1997)) (internal quotation marks omitted). "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir. 1994)) (internal quotation marks omitted).

In addition to Civil Rule 9, the pleading requirements of *Iqbal* and *Twombly* also apply to fraud claims. *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). So a fraud claim, like any other, must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). That standard precludes pleading "labels and conclusions," "a formulaic recitation of the elements" and "naked assertions devoid of further factual enhancement." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).[6]

Here, Trustee failed to plead facts supporting many parts of the fraudulent transfer claim, and instead relied on conclusory statements that merely echo the statutory language. *See*, *e.g.*, Complaint at 13 (¶¶ 96–98). Indeed, this Complaint is quite similar to that in *Nishibun*. In that case, the plaintiff alleged the transfer

---

[6] The pleading standards under *Iqbal* and *Twombly* have been applied to dismiss the claim of a bankruptcy trustee seeking to avoid a transfer under § 548. *See, e.g., Scouler & Co. v. Schwartz*, 2012 WL 1502762, *6 (N.D. Cal. April 23, 2012).

MEMORANDUM OF DECISION - 12

Case 12-07056-TLM    Doc 28    Filed 04/17/13    Entered 04/17/13 15:20:59    Desc Main
                    Document      Page 13 of 18

was made "for the purpose" and "with the specific intention" of avoiding creditors. *Nishibun*, 111 F.3d 138. But the plaintiff failed to allege details of the transaction, including the assets' value and the consideration for the transfer. *Id.* Ultimately, the court held the complaint failed to include "why this transfer was allegedly fraudulent." *Id.* The Complaint similarly fails to identify what about the transfers was fraudulent in satisfaction of Civil Rule 9. Trustee fails to identify facts creating a plausible fraudulent transfer claim. Thus, Trustee has failed to establish he could recover on it, so this factor weighs against default judgment.

### 3.     Postpetition transfer claim

Claim 6 seeks to avoid the transfers of Nevada NELMAP and Nevada Touve to the Pam Trust and the Len Trust as postpetition transfers pursuant to §§ 549 and 550. Trustee argues that the transfers were not effective until the trust agreements were signed on April 27, 2012, well after the bankruptcy petition was filed on August 15, 2011.

To establish a prima facie case under § 549, the Complaint must establish: "(1) a transfer (2) of estate property; (3) that occurred after the commencement of the case; and (4) that was not authorized by statute or the court." *In re First Prot., Inc.*, 440 B.R. at 827–28. The Complaint establishes Debtors transferred their ownership interests in Nevada Touve and Nevada NELMAP to the Pam Trust, the Len Trust and Condor. The transfers to the trusts were presumably not effectuated

MEMORANDUM OF DECISION - 13

until the trusts were formed, once Debtors signed the trust agreements on April 27, 2012. If the transfers did not occur until April 2012, the membership interests were property of the estate by operation of § 541. Finally, the Court never authorized the transfers from Debtors to the Pam Trust and the Len Trust after Debtors commenced their case. Trustee sufficiently pleaded the elements to establish a prima facie claim.

To form a trust under Nevada law, several statutory requirements must be met:

> First, a property owner must either declare that he or she holds the property as a trustee or meet one of the other requirements set forth in NRS 163.002. Second, NRS 163.003 requires the settlor to manifest intent to make a trust. Third, NRS 163.006 requires the trust to provide for a beneficiary or grant someone the power to select a beneficiary.

*Tsai v. Hsu*, 2010 WL 3270973, *2 (Nev. Apr. 29, 2010) (unpublished). Thus, signing the trust agreements postpetition does not necessarily foreclose the possibility that the trusts were validly formed prepetition, as Debtors may have otherwise satisfied Nevada's trust requirements. For instance, in *Tsai*, the settlors met the trust requirements through specific language in a quitclaim deed. *Id.*

However, if additional circumstances exist that satisfy Nevada trust requirements, they would be an affirmative defense to Trustee's § 549 cause. *See Kohler v. Staples the Office Superstore, LLC*, 2013 WL 544058, *6 (S.D. Cal. Feb. 12, 2013) ("Affirmative defenses are allegations unrelated to the plaintiff's

MEMORANDUM OF DECISION - 14

*prima facie* case that deny the plaintiff's right to relief, even if all allegations in the complaint are true."). Complaints need not anticipate affirmative defenses and attempt to defeat them. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Indeed, affirmative defenses may be waived due to a defendant's failure to appear and defend. *Trajano v. Marcos (In re Estate of Ferdinand E. Marcos Human Rights Litig.)*, 978 F.2d 493, 495 n.2 (9th Cir. 1992) (holding an affirmative defense of statute of limitations was waived due to default). Alternatively however, when the complaint itself sets out all of the elements of an affirmative defense, the plaintiff may have pleaded himself out of court. *Indep. Trust Corp.*, 665 F.3d at 935; *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

Trustee competently pleaded a prima facie claim to avoid the transfers to the Pam Trust and the Len Trust as unauthorized postpetition transfers. Although the Court recognizes other circumstances might exist to establish the validity of the trusts, they were not apparent on the face of the complaint. Because the defendants failed to answer, they have waived the ability to plead those circumstances as an affirmative defense. Thus Trustee has stated a claim upon which he may recover. This supports entry of default judgment on Claim 6.

### C.    Excusable neglect

Another *Eitel* factor examines whether the defendants' default could be

MEMORANDUM OF DECISION - 15

attributed to excusable neglect. "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (emphasis added) (citing *Landstar Ranger,* 725 F. Supp. 2d at 922; *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)).

From the Court's records, it appears Trustee properly served the various corporate defendants, including Condor, by first-class mail on the registered agent for each.[7] *See* Doc. No. 6; Rule 7004(b)(3). However, the Len Trust and the Pam Trust may not have been properly served. Under Rule 7004(8), the only subsection of the rule allowing service by first-class mail that appears to apply to trusts,[8] service may be "mailed to an agent of such defendant authorized by appointment or by law to receive service of process." Here, Trustee mailed the Summons and the Complaint to the Pam Trust and the Len Trust at the Debtors' address of record without specifically addressing the service to the trustees of the trusts.

---

[7] Condor is the only corporate defendant that would be affected by entry of default judgment on the claims at issue in the Motion.

[8] Rule 7004(b)(3) does not apply to trusts because trusts are not an "unincorporated association." Indeed, under Idaho law, trusts are not entities at all. *See Indian Springs LLC v. Indian Springs Land Inv., LLC*, 215 P.3d 457, 465 (Idaho 2009). Even if Rule 7004(b)(3) applied to trusts, Trustee did not comply with its requirements because Trustee did not address service to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law[.]"

MEMORANDUM OF DECISION - 16

Yet it appears that the trustees, Mr. and Mrs. Wallace, received actual notice, if not service in their capacities as trustees. Debtors, as trustees of the Pam Trust and the Len Trust, were aware of the lawsuit and had actual notice of the proceedings.[9] Thus this factor weighs in favor of granting default judgment.

**CONCLUSION**

Based on the foregoing analysis, the Court will not grant default judgment on the fraudulent transfer claim, because Trustee did not plead a claim that entitled him to relief. The Motion on that claim will be denied.

However, Trustee has sufficiently established he is entitled to relief on his unauthorized postpetition transfer claim and on his claim for a declaratory judgment allowing revocation of the Len Trust and the Pam Trust. The Motion on those claims will be granted, and default judgment will be entered on those claims.

The Court will enter an order on the Motion accordingly, and requests Trustee's submission of proposed judgment(s).

---

[9] Debtors, who are alleged to be the trustees of the trusts, were each personally served, *see* Doc. No. 6 at 3, and both attended the prove-up hearing. Additionally, although the Court struck the documents as improper pleadings from a non-party, Mr. Wallace filed two documents attempting to respond to the Complaint, demonstrating his knowledge about the suit. *See* Doc. Nos. 7 and 8 (stricken by Doc. No. 24).

MEMORANDUM OF DECISION - 17

DATED: April 17, 2013



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 18